Blackford, J.
— “We think the second plea is bad. The charter of the town of Indianapolis, granted in 1838, prohibited the retailing of spirits in the town, which included the place named in the plea, without a license from the corporation, under a certain penalty. The present suit is for the penalty inflicted by said charter for retailing spirits without license. The plea, admitting that it shows that no taxes can he imposed at the place where, &c., is no defence to the suit. It does not follow, that because the inhabitants of apart of the town are excused from taxes, they may violate the charter by retailing spirits there without license. Even supposing that the plea, by showing that no tax could be imposed at the place, &e., shows that no license to retail spirits there could be granted, it would still be no defence. The fact that the defendant could not obtain a license, would be no reason for Ids selling without one contrary to the charter.
“ The third plea is no better than the second.
“The defendant objects to the declaration on the ground, that the fine, in this case should have been given to the counly seminary and not to the plaintiff.
“ The charter of the town contains a provision, that no person shall, within the bounds of the town, &c., sell, by a less quantity than a quart at a time, any spirituous liquors, &c., unless ho shall, in addition to a license obtained from the board of county commissioners, obtain license from the corporation for one year, who is hereby authorised to grant the same, on his paying into the treasury *124 of the corporation, a sum not exceeding 100 dollars at the discretion of the corporation; and that if any person shall sell any spirituous liquors, &c., within said limits contrary to the provisions of this act, he shall, in an action of debt, upon conviction thereof before the president of said corporation, be fined in any sum not more than 100 dollars, nor less than 50 dollars, for the use of the corporation. Local laws of 1838, p. 32, § 30.
“ The said charter is, by a clause in it, declared to be a public act.
“ The position taken by the defendant, that the above mentioned penalty should have been given to the county seminary, depends on that clause of the State Constitution, which says that all fines assessed for any “ breach of the penal laws ” shall be applied to county seminaries. Art. 9, § 3. We consider this clause of the constitution as applying only to breaches of the criminal law, properly so called; that is to crimes and misdemeanors.
“ It is held that a suit on a penal statute is not a criminal but a civil cause. Atchison v. Everett, Cowper 382. Such a statute, therefore, is no part of the criminal law. It follows that if our construction of said constitutional provision be correct, it was not necessary that the penalty in question should go to the county seminary; the penalty not being for the breach of any criminal law.”
Judgment reversed, &c.